```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| ANTONIO DASILVA;<br>MARIA DASILVA,<br><br>                Plaintiff,<br><br>        v.<br><br>BAADER GERMANY;<br>NORDISCHER MASCHINENBRAU LEUBECK<br>BAADER NORTH AMERICA CORP.;<br>NASSAU DISTRIBUTING CO., INC.;<br>NASSAU NEWFOUNDLAND CORPORATION,<br><br>                Defendants. | CIVIL ACTION<br>NO. 19-11184-WGY |

YOUNG, D.J.                                              January 21, 2021

**MEMORANDUM OF DECISION**

**I.   INTRODUCTION**

    On December 16, 2020, this Court granted the plaintiffs' motion to remand the present matter to state court on the grounds that this Court lacks subject matter jurisdiction.  See Pls.' Mot. Remand ("Mot. Remand"), ECF No. 71; Pls.' Mem. Law Supp. Mot. Remand ("DaSilva Mot. Remand Mem.") 12, ECF No. 72. There is no dispute that the defendant Nordischer Maschinenbrau Leubeck Baader North America Corporation ("Baader North America") is a Massachusetts corporation and that the plaintiffs, Antonio and Maria DaSilva (the "DaSilvas"), are residents of Massachusetts.  The defendant Nordischer

[1]

Maschinenbau Rud. Baader Gmbh + Co. KG ("Baader Germany"), however, argued that joinder of Baader North America was fraudulent, but previously failed to raise this argument in its notice of removal.  <u>See</u> Def. Baader Germany's Opp'n Pls.' Mot. Remand ("Baader Opp'n"), ECF No. 84.  This Court GRANTED the DaSilvas' motion to remand because Baader Germany waived its fraudulent joinder argument by not raising it in its notice of removal.  Elec. Clerk's Notes (Dec. 16, 2020), ECF No. 95.

Whether a party waives its fraudulent joinder argument by not raising it in its notice of removal is unresolved in the First Circuit.  For the reasons discussed below, this Court held that a party waives its fraudulent joinder argument by not raising this ground for subject matter jurisdiction in its notice of removal.

**A.   Background**

On September 11, 2018, the DaSilvas filed a complaint in the Massachusetts Superior Court sitting in and for the county of Middlesex alleging over forty counts, including breaches of warranty and design defects, for injuries Mr. DaSilva sustained while cleaning a fish processing machine.  <u>See generally</u> Notice Removal, Ex. A., Compl., ECF No. 1-1 ("Compl.").  The DaSilvas name four defendants, (1) Baader Germany, a German corporation with its principal place of business in Lübeck, Germany, (2) Baader North America, a Massachusetts corporation with its

principal place of business in Auburn, Washington, (3) Nassau Distributing Company ("Nassau Distributing"), a New York corporation which merged with Nassau Newfoundland Corporation in 1981, and (4) Nassau Newfoundland Corporation ("Nassau Newfoundland"), a New York corporation which dissolved in 1987. Notice Removal ¶¶ 1, 6-9; Compl. ¶¶ 2-5.  The DaSilvas seek recovery under Massachusetts law for Mr. DaSilva's injury.  See Compl. ¶¶ 21-32.

On May 24, 2019, Baader Germany removed this action to federal court on grounds of diversity jurisdiction.  See generally Notice Removal.  The notice of removal, however, neglected to address Baader North America's citizenship in Massachusetts.  See id.  Although this Court was unaware of Baader North America's Massachusetts incorporation,[1] Baader Germany was aware of this fact, as it incorporated Baader North America in Massachusetts in 1980 and has worked with Baader North America for forty years.  See id.; Def.'s Mem. Law Supp., Ex. A, Decl. Robert Focke ("Focke Decl.") ¶ 20, ECF No. 18-1. Consequently, Baader Germany did not raise fraudulent joinder as grounds for diversity jurisdiction in its notice of removal. See generally Notice Removal.

---

[1] Neither the complaint nor the notice of removal state Baader North America's state of incorporation.  See Compl. ¶ 3; Notice Removal ¶ 9.

[3]

On October 13, 2020, the DaSilvas moved to remand for lack of subject matter jurisdiction. See Mot. Remand; DaSilva Mot. Remand Mem. The parties fully briefed the motion to remand, see DaSilva Mot. Remand Mem.; Baader Opp'n; Pls.' Reply Mem. Law Supp. Pls.' Mot. Remand ("DaSilva Reply") 6, ECF No. 88, and on December 16, 2020, this Court heard argument from the parties, Elec. Clerk's Notes (Dec. 16, 2020). This Court dismissed Baader North America without prejudice because the DaSilvas failed to provide any good faith reason why they did not timely serve Baader North America under Rule 4 of the Federal Rules of Civil Procedure, id.; see Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against the defendant or order that service be made within a specified time."), and granted the DaSilvas' motion to remand.

## II. LEGAL STANDARD

"Federal diversity jurisdiction is available in cases arising between citizens of different states in which the amount in controversy exceeds $75,000." Rizzi v. 178 Lowell St. Operating Co., LLC, 180 F. Supp. 3d 66, 67 (D. Mass. 2016) (Gorton, J.); see 28 U.S.C. § 1332(a). "Diversity jurisdiction 'requires complete diversity between the plaintiffs and the defendants in an action.'" Rizzi, 180 F. Supp. 3d at 67

(quoting Picciotto v. Cont'l Cas. Co., 512 F.3d 9, 17 (1st Cir. 2008)).  Removal based on diversity jurisdiction is not permissible if "any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).  "This is known as the 'forum defendant' rule."  Rizzi, 180 F. Supp. 3d at 68 (citing Lively v. Wild Oats Mkts., Inc., 456 F.3d 933, 939 (9th Cir. 2006)).  "A corporation's citizenship, for diversity jurisdiction purposes, is both the state where it is incorporated and the state 'where it has its principal place of business.'"  Celli v. Greenwich Ins. Co., Civil Action NO. 20-10717-WGY, 2020 WL 4698509, at *1 (D. Mass. Aug. 13, 2020) (citing 28 U.S.C. § 1332 (c)(1)).  "Once jurisdictional allegations are challenged, the party asserting diversity has the burden of establishing those allegations with competent proof."  Media Duplication Servs., Ltd. v. HDG Software, Inc., 928 F.2d 1228, 1235 (1st Cir. 1991).

If no grounds for jurisdiction exist, then removal cannot be sustained.  This remains true "regardless of the status of service on the various defendants."  Rizzi, 180 F. Supp. 3d at 68; Pullman Co. v. Jenkins, 305 U.S. 534, 540-41 (1939).  Section 1441(b)(2) "does not expand jurisdiction so as to bring within the courts' removal power cases in which non-diverse

[5]

defendants remain unserved at the time of removal." Rizzi, 180 F. Supp. 3d at 68.

> "[T]he 'properly joined and served' language . . . prevent[s] plaintiffs from defeating removal through improper joinder of a forum defendant." Gentile v. Biogen Idec, Inc., 934 F. Supp. 2d 313, 319-20 (D. Mass. 2013) (Woodlock, J.). Because plaintiffs may not serve defendants who were fraudulently joined for the purpose of defeating diversity jurisdiction, service of process provides a proxy which can be used to guard against gamesmanship.

Id. As the district court held in Gentile v. Biogen Idec, Inc., where "a plaintiff serves a non-forum defendant before serving a forum defendant, he has effectively chosen to waive an objection to the removal by a nimble non-forum defendant who thereafter removes the case before service upon a forum defendant named in the complaint." 934 F. Supp. 2d 313, 322 (D. Mass. 2013) (Woodlock, J.). This interpretation of section 1441(b) prevents gamesmanship by both plaintiffs and defendants by further allowing "an unserved non-forum defendant [to] remove following service on a forum defendant, in hopes of arguing that joinder of the forum defendant was fraudulent." Id. at 322-23.

Generally, a defendant that is a resident of the forum state is considered fraudulently joined when "there is no reasonable possibility that the state's highest court would find that the complaint states a cause of action upon which relief may be granted against the non-diverse defendant." Universal Truck & Equip. Co. v. Southworth Milton, Inc, 765 F.3d 103, 108

[6]

(1st Cir. 2014); id. at 108 n.3 ("If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." (quotations omitted) (quoting McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987))).

To succeed on a claim of fraudulent joinder, the defendant must demonstrate its entitlement to proceed in federal court by "clear and convincing evidence." See Surabian Realty Co., Inc. v. CUNA Mut. Grp., 245 F. Supp. 3d 297, 299 (D. Mass. 2017) (Hillman, J.). Additionally, the Court resolves contested factual issues in the plaintiff's favor and views the law in the most plaintiff-friendly light. See In re Fresenius Granuflo/Naturalyte Dialysate Products Liab. Litig., 76 F. Supp. 3d 321, 333 (D. Mass. 2015) (Woodlock, J.) (citing Fabiano Shoe Co., Inc. v. Black Diamond Equip., Ltd., 41 F. Supp. 2d 70, 71– 72 (D. Mass. 1999) (Harrington, J.)).

The voluntary-involuntary doctrine provides that "when a case is not removable at the time it is filed, but becomes facially removable at a later date because of the dismissal of a non-diverse defendant, removal is authorized only if diversity results from a voluntary act of the plaintiff." Five Star Quality Care, Inc. v. Sunrise Senior Living, Inc., Civil Action

[7]

No. 09-10503-RGS, 2009 WL 1456303, at *1 (D. Mass. May 22, 2009) (Stearns, J.). Thus, in actions where the non-diverse defendant "was dismissed . . . by the voluntary act of the plaintiff, the case is removable, but if not, then the case is not removable because the dismissal is still subject to review on appeal." Sparrock v. Hartford Life & Accident Ins. Co., Civil Action No. 14-13764-ADB, 2015 WL 13298388, at *2 (D. Mass. Mar. 27, 2015) (Kelley, M.J.) (citing Universal Truck & Equip. Co., 765 F.3d at 108), R. & R. adopted, 2015 WL 13427502 (D. Mass. Apr. 24, 2015) (Burroughs, J.); see also Irabor v. Lufthansa Airlines, 427 F. Supp. 3d 222, 229 (D. Mass. 2019) (Saylor, J.).

The exception to this doctrine occurs when the plaintiff fraudulently joined the involuntarily dismissed party. Five Star Quality Care, Inc., 2009 WL 1456303, at *1 n.2. A party may waive this argument, however, by not raising it in its notice of removal. See 28 U.S.C. § 1147(c); Nordin v. PB&J Resorts, LLC, Civil No. 15-cv-509-JL, 2016 WL 2757696, at *2 (D.N.H. May 12, 2016) (citing In re Pharm. Indus. Average Wholesale Price Litig., 431 F. Supp. 2d 109, 118 (D. Mass. 2006) (Saris, J.)) (holding that defendant waived its fraudulent joinder argument by not raising it in its notice of removal and noting in dicta that even had defendant raised its argument at the appropriate time, the evidence it proffered failed to meet the burden for proof).

Section 1446(b) of chapter 28 of the United States Code imposes a thirty-day limit for raising grounds for jurisdiction upon removal to federal court.  28 U.S.C. § 1446(b).  Courts have held that new grounds cannot be raised after the thirty days expire.  E.g., Rafter v. Stevenson, 680 F. Supp. 2d 275, 278 (D. Me. 2010) (Hornby, J.).  Although the First Circuit has not ruled on whether fraudulent joinder must be raised in the notice of removal, "many courts in the diversity context have found the claim of fraudulent joinder waived if not pled in the notice of removal."  Nordin, 2016 WL 2757696, at *2 (quoting Pharm. Indus., 431 F. Supp. 2d at 118); see also Phillips v. BJ's Wholesale Club, Inc., 591 F. Supp. 2d 822, 826 (E.D. Va. 2008) (holding that any fraudulent joinder argument was waived when it was not raised until objection to motion to remand).  "[T]he notice [of removal] must make the basis for the federal court's exercise of removal jurisdiction clear and contain enough information so that the district judge can determine whether removal jurisdiction exists."  Pharm. Indus., 431 F. Supp. 2d at 118 (quoting 14C Wright, Miller & Cooper, Federal Practice & Procedure § 3733 (3d ed. 1998)).  "Failure to include fraudulent joinder as a basis for federal jurisdiction when the parties are not otherwise diverse has been considered a failure to include a 'substantial and material' basis for federal

[9]

jurisdiction." Nordin, 2016 WL 2757696, at *2 (quoting Castle v. Laurel Creek Co., 848 F. Supp. 62, 66 (S.D.W. Va. 1994)).[2]

### III. ANALYSIS

Baader Germany neglected to raise its fraudulent joinder argument in its notice of removal and neglected to move to amend that notice within section 1446(b)'s thirty-day limit on raising

---

[2] Baader Germany argued that Rodrigues v. Genlyte Thomas Group LLC, 392 F. Supp. 2d 102 (D. Mass. 2005) (Collins, M.J.), and Rafter v. Stevenson, 680 F. Supp. 2d 275 (D. Me. 2010), require this Court to analyze fraudulent joinder. Def.'s Surreply Opp'n Pls.' Mot. Remand 1-4, ECF No. 93. This argument lacks merit because neither of these cases have any relevance to the waiver of fraudulent joinder arguments.

In Rodrigues, the defendant removed the matter from state court despite lacking complete diversity. 392 F. Supp. 2d at 105. The plaintiff never opposed the defendant's motion to dismiss, the district court dismissed the action, and only after the action was dismissed did the plaintiff move to remand the case for lack of subject matter jurisdiction. Id. In Rodrigues, the court analyzed the defendant's fraudulent joinder argument, however there, unlike in the present matter, the defendant included its fraudulent joinder argument in its notice of removal. Id. (citing page two of the notice of removal for the defendant's fraudulent joinder argument). Thus, Rodrigues is factually distinct and does not support Baader Germany's argument.

Baader Germany also argues that Rafter requires this Court to analyze its fraudulent joinder argument. In Rafter, however, the defendant did not claim diversity jurisdiction as grounds for subject matter jurisdiction, and fraudulent joinder and waiver were not before the court. See generally 680 F. Supp. 2d at 275.

grounds for jurisdiction upon removal to federal court.[3]  See 28 U.S.C. § 1446(b); see generally Notice Removal.  Its failure to do so waives fraudulent joinder as a "substantial and material basis for subject matter judication."  See Nordin, 2016 WL 2757696, *2.  Moreover, Baader Germany incorporated Baader North America in Massachusetts and has worked with Baader North America as its distributor since 1980.  See DaSilva Mot. Remand Mem., Ex. J, Baader North America Corp. Articles Organization 3, ECF No. 72-10.  Therefore, Baader Germany had the knowledge and means to allege fraudulent joinder in its notice of removal and chose not to do so.  This Court's dismissal of Baader North America sua sponte under Rule 4 and the application of the voluntary-involuntary doctrine to Baader North America's involuntary dismissal does not change this analysis.  To give Baader Germany another bite at the apple to raise its fraudulent joinder argument simply because this Court appropriately acted sua sponte under the Federal Rules of Civil Procedure would provide an impermissible end-around section 1446(b)'s thirty-day

---

[3] This holding is consistent with the court's interpretation of section 1441(b) in Gentile, 934 F. Supp. 2d at 322-23, because here the DaSilvas did not oppose the initial removal by Baader Germany.  Rather, the DaSilvas moved to remand the case after Baader Germany failed to allege fraudulent joinder -- a necessary ground for their subject matter jurisdiction -- within section 1446(b)'s thirty-day limit.

limit to raise grounds for jurisdiction upon removal to federal court.  See 28 U.S.C. § 1446(b).

**IV. CONCLUSION**

For the foregoing reasons, this Court GRANTED the DaSilvas' motion to remand.  See Elec. Clerk's Notes (Dec. 16, 2020).

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE